Withees J.
delivered the opinion of the Court.
The question between the parties in this case arose upon the allegation by the plaintiff, that the defendant had wilfully omitted in his schedule the debt due by him to them, upon his application for the benefit of the late bankrupt act of the United States. The defendant pleaded his discharge and certificate in bar, and the presiding Judge described the issue to the jury to be, whether the omission complained of proceeded from “inadvertence or wilful design.”
We suppose that would have been the proper mode of presenting the true inquiry, when the question was, whether he should receive his discharge and certificate; but having received them, from the proper tribunal, this must (in the language of the bankrupt act,) be regarded “as a full and complete bar to all suits brought in any Courts of judicature whatever, and the same shall be conclusive evidence of itself in favor of said bankrupt, unless the same shall be impeached for some fraud or wilful concealment by him of his property or rights of property, upon reasonable notice specifying in writing such fraud or concealment.” Whatever cause, therefore, may be assigned as impeaching the certificate, the question for the jury is not merely whether there has been “wilful design,” but *299 whether there has been fraud. These are not always and necessarily convertible terms, for there may be sundry motives leading to an omission by wilful design, that are not the offspring of fraud; and while the one is regarded as quite sufficient to withhold from the party his discharge and certificate, the other is necessary to annul and vacate the same. Nor is it difficult to conceive of illustrations that exemplify the difference between the mere wilful omission to include in a schedule the name of a creditor, and a fraudulent omission to do the same thing. An applicant might believe, that upon a full and complete settlement of mutual dealings, nothing was fairly owing; or might honestly believe, however erroneously, that there had been an oppressive and heavy hand laid upon him by a creditor; there might be an understanding between them, leading even a defendant in execution to believe that his judgment creditor would not enforce his lien or advantage, and so forth.
At any rate, while we do not mean to cramp the jury in their inferences of corrupt and improper purposes, from the proof of a wilful omission in this cause, or of other circumstances that may aid their judgment, we think that they should be instructed to inquire whether there was fraud.
The motion for a new trial is granted.